UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-00110-MOC

| | |
|---|---|
| **CHARLES CHILDERS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| **MARTIN O'MALLEY,** | ) |
| **COMMISSIONER OF SOCIAL SECURITY**, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's complaint for review of decision by the Commissioner of Social Security. (Doc. No. 1). In support of his complaint, Plaintiff filed a Social Security brief. (Doc. No. 7). Defendant filed a response brief, and Plaintiff filed a reply. (Doc. Nos. 12, 13). Having carefully considered the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff applied for Title II Disability Insurance Benefits on September 19, 2019, with an alleged onset date of August 1, 2019. Administrative Record ("AR") at 117, 304. The ALJ initially denied Plaintiff's claim on October 1, 2020, and upon reconsideration denied Plaintiff's claim a second time on May 21, 2021. Following a November 15, 2021, telephone hearing, the ALJ denied Plaintiff's claim for benefits on November 26, 2021. Plaintiff requested review from the Appeals Council, and on June 1, 2022, the Appeals Council vacated the ALJ's decision and remanded for further proceedings. The ALJ held a second telephone hearing on October 31, 2022, before again

1

denying Plaintiff's claim for benefits on December 14 of that year. The Appeals Council denied Plaintiff's second request for review on November 28, 2023. The ALJ's December 14, 2022, denial is thus the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed this action following the Appeals Council's decision.

## II. Standard of Review

The Social Security Act limits judicial review of the Commission's final decision, here the ALJ's denial of Plaintiff's application. 42 U.S.C. § 405(g). This Court's review is restricted to whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015); Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). The Court may not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court will defer to the Commissioner. Id. (internal quotation marks omitted).

To the extent the ALJ's findings of fact are supported by substantial evidence, those findings are conclusive. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The "substantial evidence" standard does not require "a large or considerable about of evidence," Pierce v. Underwood, 487 U.S. 552, 564–65 (1988), but merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). To satisfy the substantial evidence standard, the ALJ need only find "more than a mere scintilla" of support for

2

the Commission's decision. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2018).

### a. Sequential Evaluation

The Commissioner, through ALJs, applies a five-step sequential review process to determine whether a claimant is disabled. That process unfolds as follows:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)–(f). Here, Plaintiff assigns error to step four of the ALJ's sequential evaluation.

### b. The Administrative Decision

The ALJ applied the foregoing sequential evaluation to determine Plaintiff's disability status. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of August 1, 2019. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: rheumatoid arthritis; osteoarthritis; bilateral hip degenerative joint disease and hip replacement; stroke; hypertension; and obesity. At step three, the ALJ found that none of Plaintiff's impairments, or combinations thereof, met or medically equaled any of the

impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Before proceeding to step 4, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). The ALJ found that Plaintiff retained the RFC to perform a range of medium work as defined in 20 C.F.R. § 404.1567(c) except that given his physical impairments he was further limited to: frequent climbing ramps and stairs; occasional climbing of ladders, ropes, and scaffolds; occasional crawling; frequent stooping, kneeling, crouching; frequent handling and fingering with bilateral upper extremities; and should have more than occasional exposure to pulmonary irritants and hazards, such as unprotected heights and open machinery. Based on the foregoing RFC, the ALJ found at step 4 that Plaintiff could not return to his past relevant work. Nonetheless, at step 5, the ALJ concluded that Plaintiff could have performed jobs existing in significant numbers in the national economy during the period at issue.

### III. Discussion

Plaintiff assigns error to the ALJ's decision to discount Plaintiff's objective and subjective evidence of disability, and instead focus on (1) a handful of physical examinations showing that Plaintiff had normal motor strength and (2) allegations that Plaintiff continued to work after claiming disability. The Court finds that the ALJ's conclusion that Plaintiff retains the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), to include walking, standing, and sitting for up to six hours, and lifting up to 50 pounds with frequent hand usage, AR at 25, is not supported by substantial evidence. That is so because the ALJ failed to meaningfully address several medical opinions in the case record. See 20 C.F.R. § 404.1520c(b); Derek L. v. Kijakazi, No. 3:20-cv-70, 2022 WL 636410, at *3 (W.D. Va. March 3, 2022); Hardy v. Comm'r of Soc. Sec., No. 20-10918, 2021 WL 3702170, at *3–6 (E.D. Mich. Aug. 13, 2021) (published opinion).

For example, the ALJ rejected Dr. Gantt's opinion as a "blanket statement which appears

4

to preclude the claimant from performing not only his past relevant work but, all work." AR at 29. In fact, Dr. Gantt explained that Plaintiff's limitations were supported by objective and subjective evidence, finding that Plaintiff had no ability to grasp, turn, or twist objects, engage in fine manipulation, reach in front of his body, or reach overhead with his right upper extremity. AR at 1080. Dr. Gantt's opinion was no "blanket statement" reserved to the Commissioner, see 20 C.F.R. § 404.1520b(c)(3), but an "obviously probative exhibit[]" which the ALJ failed to meaningfully analyze. See Gordon v. Schweiker, 725 F. 2d 231, 236 (4th Cir. 1984). "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against [his] decision." Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing Murphy v. Bowen, 810 F. 2d 433, 438 (4th Cir. 1987). Such is the case here, where the ALJ failed to evaluate the functional restrictions detailed in Dr. Gantt's opinion, restrictions at odds with the ALJ's RFC finding that Plaintiff could perform medium work with unlimited use of his upper extremities for reaching and frequent use of those extremities for handling and fingering. See AR at 25. The ALJ further erred by improperly discounting Dr. Gantt's opinion for failing to provide a function-by-function report of limitations, which the applicable regulations do not require. See Stephen R. v. O'Malley, No. 21-2292, 2024 WL 3508155, at *5 (4th Cir. July 23, 2024).

The ALJ's summary dismissal of NP Stamey's medical opinion is similarly defective. NP Stamey concluded that Plaintiff's inflammatory arthritis prevented him from sitting, standing, walking, stooping, bending, crouching, squatting, and reaching. AR at 29. This evidence weighs against the ALJ's decision. Ivey, 393 F. Supp. 2d at 390. But the ALJ failed to discuss the evidence in sufficient depth to permit judicial review, Torres v. Colvin, 1:14-cv-7-RLV, 2016 WL 54933, at *7 (W.D.N.C. Jan. 5, 2016), merely finding that "[t]hese are extreme limitations and there is no basis for them in the medical records." AR at 29. In so finding, the ALJ failed to specify which

5

portions of the medical record are inconsistent with NP Stamey's opinion. Thus, the ALJ failed to support with substantial evidence his dismissal of NP Stamey's opinion as to Plaintiff's functional limitations.

The ALJ likewise failed to meaningfully discuss evidence that cut against his decision to reject the opinions of the Social Security Administration's own medical disability examiners, Drs. Edwin Swann and Evelyn Jimenez-Medina. Contrary to Drs. Swann and Jimenez-Medina's opinions that Plaintiff's orthopedic conditions limit him to no more than light work, AR at 110–12, 125–27, the ALJ concluded that "[t]here is nothing in the medical record to objectively support" that restriction. AR at 29. In so finding, the ALJ failed to reckon with the weighty objective medical evidence establishing Plaintiff's orthopedic conditions. For that reason, remand is appropriate. See Ivey, 393 F. Supp. 2d at 390.

Finally, the ALJ discounted the medical opinions of Drs. Lee, Swann, and Jimenez-Medina, finding them inconsistent with Plaintiff's purported performance of medium to heavy work after his alleged onset date. AR at 29. The ALJ's conclusion—that Plaintiff continued to work after claiming disability—is not supported by substantial evidence. Plaintiff stopped posting earnings in the first quarter of 2019, before his alleged onset date. AR 314–16, 320. And while there is some evidence that Plaintiff was physically present at his former place of work following his alleged onset date, there is no evidence that Plaintiff performed work on those occasions. Instead, Plaintiff explains, he was simply visiting old friends at his workplace. While one of Plaintiff's providers indicated that Plaintiff was injured at work in March 2020, she later clarified her notation: Plaintiff was not injured at work, but instead at his home garage, when he leaned over his center console to reach for an item and lost his footing. AR at 1091. Indeed, at step 1 of the sequential evaluation process, the ALJ admitted there was insufficient evidence to find that

Plaintiff engaged in substantial gainful activity after his alleged onset date. AR at 19–20. Nevertheless, the ALJ proceeded to deny Plaintiff's claim, despite substantial medical evidence of disability, because the ALJ <u>suspected</u> that Plaintiff might be working. In so doing, the ALJ failed to meaningfully consider the considerable evidence weighing against the ALJ's decision. <u>Ivey</u>, 393 F. Supp. 2d at 390.

Moreover, even if substantial evidence did support the ALJ's conclusion that Plaintiff engaged in substantial gainful activity following his alleged onset date, there is <u>no</u> evidence in the record supporting a finding that Plaintiff worked after December of 2021. AR at 20. But the ALJ denied Plaintiff's claim in December 2022, a year later, despite Plaintiff's testimony that his condition worsened after 2021. Thus, the ALJ's conclusion that Plaintiff was not disabled in December 2022 was inconsistent with the ALJ's obligation to consider whether Plaintiff became disabled at <u>any</u> point between the alleged onset date and the date of the ALJ's decision. <u>See</u> <u>Sykes v. Comm. of Soc. Sec.</u>, No. ELH-16-898, 2017 WL 35436, at *2 (D. Md. Jan. 4, 2017); <u>Shiplett v. Colvin</u>, No. 5:15-cv-55, 2016 WL 6783270, at *13 (W.D. Va. Nov. 16, 2016).

### IV. Conclusion

The Court concludes that the ALJ failed to meaningfully consider the medical opinions of Doctors Gantt, Swann, Jimenez-Medina, and Lee, and NP Stamey. The Court will remand this case for further proceedings, including to allow the ALJ to perform a proper analysis of medical opinion evidence in assessing Plaintiff's RFC. <u>See</u> <u>Kirk v. Berryhill</u>, No. 1:16-cv-18MR, 2017 WL 990470, at *6–7 (W.D.N.C. Mar. 14, 2017).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint for review of decision by the Commissioner of Social Security (Doc. No. 1) is **GRANTED**.

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court hereby **REVERSES** the administrative law judge's decision and **REMANDS** the case to the Commissioner of Social Security for further consideration.

The Clerk is directed to terminate Plaintiff's social security brief (Doc. No. 7) and Defendant's reply brief (Doc. No. 12) as moot.

**SO ORDERED**.

Signed: August 15, 2024

Max O. Cogburn Jr.
United States District Judge